PAWTUXET BAPTIST SOCIETY *vs.* PAWTUXET BAPTIST CHURCH AND SOCIETY *et al.*

JUNE 25, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. This is a bill in equity praying for construction of the will of Mary Tyler Sheldon. The cause being ready for hearing for final decree was certified by the Superior Court to this court for determination. The clause concerning which an uncertainty has arisen is as follows: "VI. I give to my brother Frank L. Sheldon during his natural life, the use of my interest in the Sheldon Homestead, the yearly Cranston tax thereon to be paid from my estate . . . and upon the death of my brother Frank L. Sheldon, my interest in the Sheldon Homestead shall be given to the Pawtuxet Baptist Church and Society".

The question is, what organization did the testatrix intend to designate by the devise to the Pawtuxet Baptist Church and Society? The complainant contends that she intended to benefit it, the Pawtuxet Baptist Society, and not the defunct organization named.

The Pawtuxet Baptist Church and Society was organized under a charter granted by the General Assembly in 1805. The affairs of the Pawtuxet Baptist Church were conducted under said charter until 1856 when a committee was appointed by the corporation to "obtain a charter for said Church & Society." Said committee, instead of securing the passage of an act amending the original charter as to name and in other respects as desired, obtained from the General Assembly in 1857 a new charter with the name Pawtuxet Baptist Society. Section 9 of the act granting the new charter provided that: "All Acts heretofore passed by the General Assembly for the regulation of the Pawtuxet Baptist Church and Society inconsistent with this Act are hereby repealed." The new charter which was obtained from the General Assembly in 1857 was accepted by the

respondent, the old corporation, at a meeting of said corporation held February 28, 1857. From said date to the present time said church has functioned under the new charter. Since said date no meetings have been held and no business has been transacted under the old charter. It is apparent that the old corporation desired that its charter be amended as to name and in other respects and did not desire the creation of another corporation. Whether the Act of 1857 merely amended the old charter or whether a new corporation was created by authority of said act it is unnecessary to determine. It is certain, however, that it was the intention of all concerned that the Pawtuxet Baptist Society succeed to all the rights and privileges of the Pawtuxet Baptist Church and Society.

All persons who were members of the corporation under the old charter have long since deceased. Notice was given by publication to respondent Pawtuxet Baptist Church and Society; and the Attorney General, who was made a party respondent, by his answer admits the allegations, which we have in substance set forth, to be true and that "from his investigation he believes that there is good reason to sustain the claim that Mary Tyler Sheldon intended to devise the real estate, described in the provision of her will numbered 'VI' and quoted in Paragraph 18 of the Bill of Complaint, to the complainant, The Pawtuxet Baptist Society, and not to the respondent, Pawtuxet Baptist Church and Society, and that she used the name of said respondent as devisee inadvertently and erroneously in her said will."

Said testatrix, Mary Tyler Sheldon, was for many years a member of said Baptist Church and a member of the complainant corporation. The name of the complainant is the same as that of the respondent corporation with the words "Church and" omitted. It is well settled "that a misnomer of a legatee or devisee is immaterial if the person intended can be identified by the description in the will." *Peard* v. *Vose*, 19 R. I. 654; *Guild* v. *Allen*, 28 R. I. 430; *Tillinghast* v. *Boy Scouts*, 47 R. I. 406.

Our conclusion is that said testatrix intended to make the devise in question to the complainant, the Pawtuxet Baptist Society.

The parties may present to this court a form of decree in accordance with this opinion.

*Littlefield, Otis & Knowles, James B. Littlefield*, for complainant.

*Charles P. Sisson, Attorney General*, for State.